UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

David Craig Chase, on behalf of
himself and similarly situated
employees of Defendants,

    Plaintiffs,

versus

Nationwide Auto Transporters, Inc.
and Aldo L. Disorbo,

    Defendants.
****************************************************************************

## REPRESENTATIVE WAGE AND HOUR ACTION
## UNDER THE FAIR LABOR STANDARDS ACT

The Representative Wage and Hour Action under the Fair Labor Standards Act of **David Craig Chase**, on behalf of himself and similarly situated employees of Defendants, avers:

**Statutes**

1. Plaintiff brings this action under the Fair Labor Standards Act of 1938 ("FLSA"), *as amended*, 29 U.S.C. § 201 *et seq.*, to recover for himself and similarly situated employees overtime and minimum wages, additional equal amounts as liquidated damages, pre-judgment and post-judgment interest, costs and expenses of this litigation, and reasonable attorneys' fees.

**Jurisdiction**

2. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this matter arises under the laws of the United States of America, specifically the

Fair Labor Standards Act of 1938, *as amended*, 29 U.S.C. § 201 *et seq.* (hereinafter "FLSA" or "the Act").

## Parties Plaintiff

3. Plaintiff herein is **David Chase**, a person of full age of majority, domiciled and residing in Broward County, Florida. His Consent is attached hereto and incorporated herein by reference as **Exhibit "A".**

4. At all material times herein, Plaintiff, as well as those similarly situated, were employees of Defendants, and frequently worked in excess of forty hours per week, but were not paid some or all "time and a half."

5. Pursuant to the provisions of 29 U.S.C. § 216(b), Plaintiff is proceeding for and on behalf of himself and similarly situated employees of Defendants.

6. Plaintiff anticipates that additional employees, both present and former, of Defendants, will file written consents pursuant to 29 U.S.C. § 216(b) to join as party plaintiffs in this action.

## Parties Defendant

7. Defendant herein is **Nationwide Auto Transporters, Inc.,** a Florida profit corporation authorized to do and doing business in Florida.

8. At all relevant times, Nationwide Auto Transporters, Inc. has owned and operated a business with a location in Broward County, Florida, specifically at 6245 Powerline Rd., Suite 202, Fort Lauderdale, Florida 33309, and within the jurisdiction of this Court.

9. At all relevant times, Nationwide Auto Transporters, Inc. was and is an enterprise engaged in commerce or in the production of goods for commerce pursuant to Sections

3(r) and 3(s) of the FLSA, 29 U.S.C. §§203(r) and 203(s).

10. At all relevant times herein, Nationwide Auto Transporters, Inc. had annual gross receipts exceeding $500,000.00.

11. At all relevant times herein, Nationwide Auto Transporters, Inc. has regularly owned and operated a business, and utilized goods which moved in interstate commerce.

12. At all relevant times herein, Nationwide Auto Transporters, Inc. has had at least one employee engaged in "interstate commerce" under the FLSA.

13. At all relevant times, Nationwide Auto Transporters, Inc. directed and controlled the terms, conditions, activities, duties, and responsibilities of Plaintiff's and similarly situated employees' employment, and hence was their employer and/or joint employer under the FLSA.

14. Defendant herein is **Aldo L. Disorbo**, a person of the full age of majority residing in Broward County, Florida.

15. At all relevant times, Mr. Disorbo was the President and/or CEO of Nationwide Auto Transporters, Inc.

16. At all relevant times, Mr. Disorbo directed and controlled the terms, conditions, activities, duties, and responsibilities of Plaintiff's and similarly situated employees' employment, and hence was their employer and/or joint employer under the FLSA.

## Facts

17. Mr. Chase was employed by Defendants from approximately May 2008 through October 2008 at Defendants' location in Fort Lauderdale, Florida.

18. He was not paid minimum wage during his last two weeks of work and, upon information

and belief, during one or more workweeks in which his commissions credited were not at the same level as usual.

19. He was also not paid overtime compensation.

20. Similarly situated employees were employed at Defendants' location in Fort Lauderdale, Florida.

21. Plaintiffs and similarly situated employees frequently worked over forty hours per week, but did not receive overtime pay at all, and minimum wages during one or more pay periods.

**COUNT 1 of 2:**
**Fair Labor Standards Act Overtime Claims;**
**David Chase, on behalf of**
**himself and similarly situated employees of all Defendants**

22. The allegations contained in paragraphs 1 through 21 are reasserted herein and incorporated by reference herein.

23. Pursuant to 29 U.S.C. § 207, Defendants were required not to employ Plaintiff, and similarly situated employees, for a workweek longer than forty hours without paying compensation for their employment at rates not less than one and one-half times the employees' regular rates of pay.

24. During the employment of Plaintiff, and of similarly situated employees during their respective periods of employment, Plaintiff, and similarly situated employees, frequently worked in excess of forty hours in a workweek.

25. However, Defendants negligently, without good faith, knowingly, intentionally, and/or in bad faith, and continually and as a continuing violation, failed to pay to them all overtime

compensation in violation of the FLSA, including 29 U.S.C. § 207(a).

26. Pursuant to 29 U.S.C. § 216(b), Plaintiff, and similarly situated employees, are entitled to recover from Defendants their unpaid overtime compensation, additional equal amounts as liquidated damages, pre-judgment and post-judgment interest, and are entitled to other appropriate legal and equitable relief in the premises, all costs of these proceedings, and attorneys' fees.

## COUNT 2 of 2:
### Fair Labor Standards Act Minimum Wage Claims; David Chase, on behalf of himself and similarly situated employees, against all Defendants

27. The allegations contained in paragraphs 1 through 21 are reasserted herein and incorporated by reference herein.

28. During Plaintiff's last two weeks of employment, he was not paid minimum wages, in violation of the FLSA, 29 U.S.C. 201 et seq.

29. Defendants negligently, without good faith, knowingly, intentionally, and/or in bad faith, and continually and as a continuing violation, failed to pay Plaintiff and similarly situated employees all minimum wages in violation of the FLSA, including 29 U.S.C. § 207(a)–particularly for workweeks in which few sales were credited and/or in final work weeks worked for Defendants.

30. Pursuant to 29 U.S.C. § 216(b), Plaintiff, and similarly situated employees, are entitled to recover from Defendants their unpaid minimum wages, additional equal amounts as liquidated damages, pre-judgment and post-judgment interest, and are entitled to other appropriate legal and equitable relief in the premises, all costs of these proceedings, and

attorneys' fees.

## Jury Request

31. Plaintiff, for himself and similarly situated employees, request a trial by jury for all issues so triable.

## Prayer

WHEREFORE, Plaintiff, **David Chase**, and similarly situated employees, pray that after due proceedings, there be judgment rendered herein in their favor, and against all Defendants, jointly and solidarily, in the full amount of their unpaid and/or underpaid overtime and minimum wage compensation, plus equal amounts as liquidated damages, pre-judgment and post-judgment interest, costs and expenses, attorneys' fees, and all other damages to which they may be entitled to in the premises.

Respectfully submitted:

s/ Steven F. Grover

_____
STEVEN F. GROVER (Fla. Bar No. 131296)
LAW OFFICE OF STEVEN F. GROVER
ONE E. BROWARD BLVD., SUITE 700
FT. LAUDERDALE, FL 33301
TEL. (954) 356-0005/FAX (954) 356-0010
E-MAIL: LAWHELP@EARTHLINK.NET
*PLAINTIFFS' COUNSEL*

Chase.Complaint.092610